CIRCUIT COURT FOR MULTNOMAH COUNTY, JANUARY TERM, 1871.

IN THE MATTER OF THE PETITION OF T. J. CARTER, TO TAKE TESTI-
MONY *de bene esse.*

TESTIMONY DE BENE ESSE—NOTICE.—The petition in a proceeding to per-
petuate testimony, is addressed to the discretion of the court or judge;
and under peculiar circumstances notice to the adverse party was re-
quired.

IDEM.—This proceeding should not be resorted to merely to ascertain what
an adverse witness will testify.

THIS being a proceeding to perpetuate testimony, the peti-
tion presented the following statement:

That the testimony of Green C. Davidson, and of a per-
son called Joseph Thomas, who reside at Fairfield, in Mar-
ion County, Oregon, is and will be material to the defense
of your petitioner in said action. That the question in-
volved in said action is, and will be, whether or not said
Joseph Thomas, so called, is the heir-at-law of one Finice
Thomas, called Finice Caruthers, late of Multnomah Coun-
ty, deceased.

1st. That the facts expected to be proved by Green C.
Davidson are, that the man called Joseph Thomas is not an
heir-at-law of Finice Thomas, commonly called Finice Ca-
ruthers. That he is not the father of said Finice, and that
Joseph Thomas is an assumed name, and not his real name;
together with other facts and circumstances tending to prove
the main facts expected to be established.

2d. That the fact expected to be proved by said Joseph
Thomas, so called, is that he is not an heir-at-law of Finice
Thomas, commonly called Finice Caruthers; also, that he
was never married to Elizabeth Caruthers, and that he is
not the father of Finice Thomas aforesaid, nor the person he
is represented to be; also, to prove by him the place of his
birth, and who were his father and mother, and the place
of his residence, and his acquaintances, or some of them,
at each of said places, together with other facts and circum-
stances, tending to show the main facts, expected to be es-
tablished as above stated.

That the persons claiming the said lands adversely to your petitioner, and who will be adverse parties in said action, are George Pease, W. C. Johnson and F. O. McCown, who reside in Clackamas County, Oregon.

That said Davidson is between fifty and sixty years of age, and resides out of the jurisdiction of this court; and Joseph Thomas, so called, is over sixty years of age, and resides out of the jurisdiction of this court, and is very infirm, and is likely to die at any time.

Wherefore your petitioner prays for an order allowing the examination of said witnesses at as early a day as your honor may deem proper, to the end that the testimony of said witnesses may be perpetuated, and, as in duty bound, your petitioner will ever pray.

W. C. Johnson, Geo. A. Pease and F. O. McCown opposed the petition, and filed an affidavit to the effect that the said two lots are a part of the estate of Finice Thomas, deceased, commonly known as Finice Caruthers, and is of the value of about $200. That D. B. Hannah, Charles M. Carter, and others who are named, claim the whole of said estate, basing their claim on the allegation that Joseph Thomas, the father of said Finice, died before the death of his said son, and that the parties last aforesaid have been and still are in possession of the lands belonging to the said estate. That said Johnson, Pease and McCown claim to be owners of the whole of said estate, under the allegation that Joseph Thomas survived his said son, and has conveyed the said lands of said estate to them.

The affidavit proceeds with a statement of facts tending to show that said two lots were conveyed to said T. J. Carter, to enable him to make this application, and that the real object of the petitioner is not to perpetuate testimony, but to ascertain what the witnesses will testify, in order to prepare for the trial of a cause now pending in this court, in relation to the title to all the lands constituting said estate, in which cause said D. B. Hannah, Charles M. Carter, and others aforesaid are plaintiffs, and said Johnson, Pease and McCown are defendants; and to compel the grantor of said Johnson, Pease and McCown to disclose their defense in

the said suit, and to disclose the facts within his knowledge, against his will and in advance of taking his testimony in the suit last mentioned.

The petitioner also filed affidavits showing that the failure of proceedings upon two orders previously made in favor of this petitioner on the same subject; was not occasioned by his fault or neglect, and stating that the petitioner owns no part of, or interest in the tract of land mentioned in the counter affidavit, except the two lots mentioned in the petition; and that the other persons mentioned in said affidavit were not owners of any interest in said two lots. That the adverse parties had control of the witness, Thomas, and would not allow petitioner to see him. A deed was also produced conveying the two lots to the petitioner for a consideration of $200.

*A. C. Gibbs*, for the petitioner, urged that a petitioner who complies with the statute is entitled to the order as a matter of right. That the discretion mentioned in the statute relates to designating the person who shall act, and to the time and place, and the notice. That if the adverse parties are correct in holding that granting the order is discretionary, the truth will not harm them, and if the said Thomas is an imposter, it is the greatest injustice that the petitioner should be debarred from seeing him, or from compelling him to communicate the truth as to the place of his birth, his alleged marriage, and his history generally. That if the judge is to exercise a discretion, it is within the knowledge of the court that the adverse party claim that said Thomas is the father of Finice Caruthers, *alias* Finice Thomas, and the petitioner is entitled to know the nature of his testimony, in order to know how to meet the evidence that may be adduced against the petitioner. That the anticipated controversy is not sham, but is real.

*J. H. Mitchell* and *S. Huelat, contra.*

The material statements of the affidavits of W. C. Johnson are not denied. It is evident that this proceeding is for the purpose of compelling a disclosure of evidence prefatory to another case. The order rests in the discre-

tion of the judge, and it should not be granted unless the judge is satisfied that the real purpose of the petitioner is to perpetuate testimony.

UPTON, J. filed the following opinion, denying the order.

Where a statute provides that a court under given circumstances *may* make a specified order, it sometimes imports an absolute duty to make the order. In such cases it is said "may" is construed to mean "shall." Where the intention is not only that the court may make the order, but also that the suitor may of right demand it, the right of the suitor implies a duty of the court. Where a matter becomes a right of a suitor it is no longer within the discretion of the court.

Upon the previous applications, I was under the impression that the statute for taking evidence *de bene esse* was of that character; my attention not being called to the peculiar wording of the last clause of section 849.

It is there unequivocally shown that the court or judge is called upon to exercise a discretion; although the words of the first clause of the same section, if that clause stood alone, would import that a petitioner filing the prescribed verified petition could claim the order as a right. It was my impression at the time of making the previous orders, that the discretion of the judge was limited to the question whether the facts enumerated in the statute, appeared from an inspection of a duly verified petition.

But the statute provides that, where these facts do appear, "the judge may thereupon *in his discretion* make an order allowing the examination, prescribing the place thereof, and how long before the examination the order and notice of the time and place thereof shall be served."

This language does not import a discretion as to the time, place and notice only. But the judge may, in his discretion, make or deny the order. This is not an arbitrary power to grant or refuse, as may be most pleasing to the judge, but it is a judicial discretion to be exercised according to the principles of equity for the benefit and protection of parties interested.

I am not called upon to decide whether, upon a first application, an adverse party would be entitled to file affidavits in opposition to the petition, or whether a notice to the adverse party on a first application could properly be ordered. I deemed the making of a third application a sufficient reason for requiring the notice and permitting counter affidavits. Although the petitioner has exonerated himself from any charge of negligence in regard to the former proceedings, I think I am called upon by the present condition of the case to look into the counter affidavits.

Some of the positions assumed, and some of the statements made by the petitioners' counsel in the argument, obviate the necessity of passing upon questions of fact in regard to the objects for which the petition is presented.

He charges that the witness Thomas, upon whose personal identity, as the alleged father of Finice Caruthers, depends the title of a vast estate of which these two lots were a part, has conveyed his interest to, and is under the personal influence and control of the parties adverse to the petition, and that they persistently deprive the petitioner of access to the witness. That it would be hazardous for parties to the equity suit to take said Thomas' deposition and thus make him their witness in the important matter, without first knowing the nature of his testimony. And he argues from these facts that justice requires that this order should be made to enable the petitioner to discover, or rather to compel a discovery of, the facts within the knowledge of the witness Thomas.

I think it sufficiently appears from these admissions and the papers on file, that the leading object of this proceeding is to ascertain what the witness Thomas will testify, with a view to prepare to meet and controvert his statements, rather than for the purpose of *perpetuating* the evidence he may depose.

The object of the statute is to enable a party to *perpetuate* testimony, and it would be an abuse of the discretion vested in me if I should knowingly pervert the object of the statute, and make it subserve a purpose the legislature never intended.

If I am correct in these conclusions of fact, the effect of granting the prayer of the petition would be to make the order operate as a *habeas corpus* to bring a person before a tribunal without such a showing as would authorize that writ, and to compel the party to appear, under an assumption that the object is to perpetuate testimony, when the real object is quite different. Such a proceeding is not contemplated by this statute, and it would be a violation of those personal rights that should be protected by the law.

If I thought this proceeding was had for the purpose of perpetuating testimony essential to the protection of the petitioner in regard to the two lots, and that that was the leading motive in making the application, I would feel bound to grant the order without regard to the effect it might have upon other parties or in another case. But under the circumstances disclosed, I am satisfied the order should be denied.